IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ROBERT ELLIOTT, ET. AL.,** | § § | |
| **Plaintiffs,** | § § | |
| v. | § § | CIVIL ACTION NO. 2:00-CV-86 (DF) |
| **SUNRISE CARE, ET. AL.,** | § § § | |
| **Defendants.** | § § § | |

## ORDER

On May 25, 2000, this matter was referred United States Magistrate Harry W. McKee pursuant to 28 U.S.C. § 636(b)(1)(B) (Doc. No. 3). On April 4, 2005, Judge McKee issue a Report and Recommendation, recommending that this matter be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure (Doc. No. 33). Plaintiffs filed objections to the report and recommendation on April 4, 2005 (Doc. No. 34). On July 7, 2005, the Court held a hearing on these matter.

### I.

### STANDARD OF REVIEW

On matters referred to the magistrate under 28 U.S.C. § 636(b), the district court makes a *de novo* determination of those parts of the magistrate's report, findings, or recommendations to which timely objection is made. 28 U.S.C. § 636(b)(1); *Garcia v. Boldin,* 691 F.2d 1172, 1179 (5th Cir. 1982). The district court may accept, reject, or modify in whole or in part, the magistrate's findings or recommendation. *Id.* at 1179. Upon a *de novo* review, and after reviewing all relevant pleadings, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct.

Thus, the Court adopts Judge McKee's Report and Recommendation in its entirety. This matter shall be dismissed pursuant to Rule 41(b).

## II.

## BACKGROUND

Plaintiffs Ronald and Elaine Elliott ("Plaintiffs") brought this cause of action against Defendants, SunRise Care & Rehabilitation for Gladewater, Sun Healthcare Group, Inc., SubBridge Healthcare Corp., SunDance Rehabilitation Corp., SunAlliance Healthcare Services, Inc., SunScript Pharmacy Corp., and SunFactors, Inc., for breach of contract, breach or warranty, and negligence in connection with Ronald Elliott's loss of his leg. This matter was initially before Judge Heartfield and was referred to Judge McKee for pretrial. It was transferred to this Court on October 27, 2000; however, Judge MeKee continued presiding.

When the original complaint was filed, Defendants were in Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware. Pursuant to the Bankruptcy Court's June 1, 2001, Order Plaintiffs' claims were "disallowed and expunged." *See* Exhibit 1 to Joint Report (Doc. No. 38). Accordingly, Defendants moved to dismiss this matter pursuant to Rule 41(b). Judge McKee issued an R&R recommending that the matter be dismissed, which was thereafter adopted on October 24, 2002, despite Plaintiffs' objections. However, upon Plaintiffs' motion for reconsideration, the case was reopened on January 13, 2003. Apparently, the parties were pursuing mediation or arbitration in light of Defendants bankruptcy. There was no action taken in this matter for over a year at which time Judge McKee issued an order to show cause on April 2, 2004. Plaintiffs' response indicated that they were waiting confirmation from the bankruptcy court. Thereafter, Judge McKee issued an Order notifying Plaintiffs that they had until March 31, 2005,

to show cause. No action was taken in this matter, and on April 4, 2005, Judge McKee issued an R&R again recommending that this matter be dismissed pursuant to rule 41(b). Plaintiffs filed objections, which are presently before this Court.

Plaintiffs' counsel, Robert Bennett, filed the objections and simultaneously moved to withdraw as counsel for Plaintiffs. His withdraw as counsel is the only cause given for retaining the case. He asserts that his employment was terminated in August 2004, and the Elliotts retained new counsel, Michael Ace. However, at an initial hearing on these matter, Plaintiffs informed the Court that they wished to retain Mr. Bennett's services. Accordingly, counsel's motion to withdraw as counsel (Doc. No. 35) shall be denied as moot.

After allowing the Parties to be heard on these issues, the Court requested them to file a report concerning the Bankruptcy proceedings and the status of Plaintiffs' claims in arbitration. This matter was set for status conference on Monday, December 5, 2005. However, upon Plaintiffs' motion to continue (Doc. No. 40), the Court continued this matter to Wednesday, January 4, 2005, at 10:00 a.m. (Doc. No. 41). Notice of this rescheduling was sent to all parties, and the Court's records reflect that said notice was received. Notwithstanding, on January 4, 2005, at 10:00 a.m., the Court called this matter as scheduled, and Plaintiffs failed to appear.[1]

### III.

### DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute or for failure to comply with the federal rules or *any court order*. Fed.R.Civ.P.

---

[1] The Court notes that counsel for Plaintiffs, Robert Bennett, was contacted, and the Court was informed that Mr. Bennett was in a meeting in Longview, Texas. No excuse or motion was offered to explain Plaintiffs' absence.

41(b) (emphasis added); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir.1998). "This authority [under Rule 41(b) ] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.,* 756 F.2d 399, 401 (5th Cir.1985) (citing *Link v. Wabash, R.R. Co.,* 370 U.S. 626 (1962)).

On June 1, 2001, the Bankruptcy Court issued an Order wherein Plaintiff's claims were disallowed and expunged. The Order specifically states: "All Claimants listed on Exhibit A [this includes Plaintiffs] hereto shall have no remaining claim against the Debtors and their estates, provided, however, that such Claimants may attempt to pursue claims against insurance, and insurance carriers may defend such claims on any grounds whatsoever, including that coverage is not applicable." *Id.*

Notwithstanding, Plaintiffs' maintain that the Bankruptcy Court in effect issued as a sanction a dismissal of the right to pursue claims against the personnel assets of the Defendants; however, the Court specifically allowed Plaintiffs the right to proceed against the insurance benefits of the Defendants. Plaintiffs agree that they are prevented from pursing collection of any judgment against the Defendants. But Plaintiffs assert that they must be allowed to pursue their claims against Defendants in this case so that claims against the insurance may be pursued. *See* Joint Report at 2. Conversely, "Defendants take the position that after the June 1, 2001, Order, Plaintiffs could only pursue their claims against insurance. Defendants are, therefore, in accord with the Magistrate Judge's recommendation to dismiss the claims against Defendants." *Id.* at 3.

In this regard, the Court tends to agree with Defendants. The Bankruptcy Court's Order is unambiguous. It clearly provides that Plaintiffs' shall have no remaining claims against the Debtors. It does not provide that Plaintiffs shall not collect damages from the Debtors. The present cause of

action is a claim against the Debtors.  While it may provide for a claim against the insurance (assuming it has merit), it is not a claim against the insurance itself.  This supports dismissing Plaintiffs' suit pursuant to court order fo the United States Bankruptcy Court for the District of Delaware.

Notwithstanding, there are sufficient facts to support dismissing this action for failure to prosecute pursuant to Rule 41(b).  Here, Plaintiffs have failed to appear or respond in any fashion to the Court's notice of hearing issued December 1, 2005.  Further, this case was previously dismissed for failure to prosecute and is before the Court on Judge McKee's R&R again recommending that this case be dismissed.  Accordingly, Plaintiffs' suit should be dismissed for want of prosecution.

## IV.
## CONCLUSION

Therefore, for the foregoing reasons, the Court hereby Adopts the Report of United States Magistrate Judge McKee.  Accordingly, it is

**ORDERED** that this action shall be, and is, hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  It is further

**ORDERED** that all other pending motions not expressly granted are hereby **DENIED**

SIGNED this 4th day of January, 2006.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE